IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE DORSEY,** | : | |
| | : | |
| Petitioner | : | **CIVIL NO. 1:CV-05-1300** |
| | : | |
| v. | : | **(Judge Rambo)** |
| | : | |
| **UNITED STATES PAROLE COMMISSION,** *et al.*, | : | |
| | : | |
| Respondents | : | |

# **M E M O R A N D U M**

## I. **Introduction**

Bruce Dorsey, a federal prisoner incarcerated at the United States Penitentiary-Allenwood ("USP-Allenwood") in White Deer, Pennsylvania, commenced this action *pro se* with a petition for a writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. Named as Respondents are the United States Parole Commission ("the Commission") and USP-Allenwood Warden Troy Williams. Petitioner is challenging the denial of parole by the Commission. For the reasons set forth, the petition will be summarily dismissed.

## II. **Background**

Petitioner states that on August 3, 1989, following an "*Alford Plea*" (Doc. 1 at 3), he was convicted of second degree murder while armed, in violation of District

Columbia Code 22-2404, 22-3202. As a result of the conviction, on August 3, 1999, Petitioner was sentenced by the Superior Court of the District of Columbia to a term of ten years to life. (*Id*.) The District of Columbia Parole Board (D.C. Board) held Petitioner's initial parole hearing in 1995. (*Id*. at 3-4.) The D.C. Board denied parole on June 15, 1995, citing Petitioner's "need for program and rehabilitative services to minimize risk to the community, when actually released on parole" as a basis for its decision, and ordered a rehearing date of January 28, 1999. (*Id*. at 4.)

Petitioner was subsequently transferred to the jurisdiction of the Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997.[1] On March 30, 1999, the Commission conducted a rehearing for Petitioner, and denied parole even though his grid score indicated that a prisoner would be eligible for parole. (*Id*., Ex. 7.) The Commission concluded that departure was warranted because Dorsey was deemed to be a more serious risk than indicated by his base point score because of the nature of his offense. *Id.*

---

[1]On August 5, 1998, the Commission assumed the responsibility of making parole-release decisions for all eligible District of Columbia Code felons, pursuant to 11231 of the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, and D.C. Code Ann. § 24-209. Effective August 5, 2000, pursuant to section 11231(a)(2) of the Act, the Commission assumed the remaining powers, duties and jurisdiction of the former D.C. Board of Parole regarding the supervision of parolees and the revocation of parole. *See* D.C. Code Ann. § 24-131(a)(2) (formerly section 24-1231(a)(2).) Therefore, while it was the D.C. Board that conducted the initial review, the Commission conducted the rehearing.

The Commission conducted a subsequent hearing for Dorsey on April 24, 2002, and again denied parole based upon the same factors as the prior rehearing. (*Id*. at 5.) A subsequent rehearing was scheduled for April 2005. (*Id*.) Petitioner appeared for a further parole hearing on March 29, 2005. Again, Petitioner's grid score was zero, indicating that parole should be granted. (*Id*. at 6.) After interviewing Petitioner, the examiner recommended that parole be granted, with an effective parole date of November 25, 2005. (*Id*.) Nevertheless, parole was denied with a rehearing set for March of 2007. (*Id*., Ex. 6.) This petition ensued.

Petitioner is challenging denial of parole, claiming: (1) the Commission's decision was arbitrary and capricious, in violation of Dorsey's due process rights; and (2) the Commission considered "an inaccurate factual predicate" (Doc. 1 at 2) in rendering its decision.

### III. Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from

3

the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.) *Accord U.S. ex rel. DeCreti v. Wilson*, 967 F.Supp. 303 (N.D.Ill. 1997). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." 424 F.2d at 141.

It is well settled that the determination of eligibility for parole for a D.C. prisoner has been committed by Congress to the discretion of the Commission. *United States v. Addonizio*, 442 U.S. 178 (1979); *Campbell v. United States Parole Commission*, 704 F.2d 106 (3d Cir. 1983). Because the Constitution itself does not create any liberty interest in parole, such an interest must emanate from state law, or in this case, District of Columbia law. *See Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979). Courts have consistently held that the D.C. parole statute, which applies to D.C. Code offenders even after they are transferred to the jurisdiction of the Commission, does not create any liberty interest in parole. *See, e.g., McRae v. Hyman*, 667 A.2d 1356 (D.C. 1995) (holding that the District's parole scheme confers

4

discretion to grant or deny parole, and the scoring system creates no liberty interest overriding the exercise of that discretion); *Ellis v. District of Columbia*, 84 F.3d 1413 (D.C. Cir. 1996) (holding that the D.C. parole statute and regulations do not create any liberty interest in parole). However, "[a] legislative grant of discretion does not amount to a license for arbitrary behavior." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). "[T]he Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal quotation omitted).

### A.  The Commission's Decision was not Arbitrary and Capricious

Petitioner claims that the Commission's decision was arbitrary and capricious in violation of his due process rights. Petitioner's eligibility for parole is governed by the District of Columbia parole statute and regulations. To determine parole eligibility, the Commission must (1) analyze the probability that the prisoner can live and remain at liberty without violation of the law, and (2) conclude his release is compatible with the welfare of society. D.C. Code Ann. § 24-404.[2] Because his initial hearing was held

---

[2]The statute provides:

> Whenever it shall appear to the Board of Parole that there is a reasonable probability that a prisoner will live and remain at liberty without violation of the law, that his release is not incompatible with the welfare of society, and

before the Commission assumed responsibility for parole-release decision for eligible D.C. offenders, the Commission made its decision by reference to the guidelines of the former D.C. Board.  28 C.F.R. § 2.80(a)(4).  Although the guidelines establish a date of parole eligibility, the Commission may go outside the guidelines in exceptional cases where the gravity of the offense is "sufficient to warrant an upward departure from § 2.80 and denial of parole."  28 C.F.R. § 2.73(b).

Petitioner is challenging the outcome of his rehearing, held on March 29, 2005.  (Doc. 1, Ex. 6.)  The Commission denied parole, concluding that departure was warranted because Dorsey is a more serious risk than indicated by his point score in light of the aggravated nature of his offense.  Specifically:

> [Petitioner] assaulted the victim by hitting her (sic)[3] in the mouth with a sawed-off shotgun. [He] then argued with the victim about a debt the victim owed him. [He] pointed the shotgun at the victim and a struggle ensued.  The victim broke free and fled, at which time, [he] shot the victim in the back of the head as she (sic) was running away . . . ."

---

that he has served the minimum sentence imposed or the prescribed portion of his sentence as the case may be, the Board *may* authorize his release on parole upon such terms and conditions as the Board shall from time to time prescribe.

D.C. Code Ann. § 24-404(a) (emphasis added).

[3]Although the Commission refers to the victim as a female, Petitioner notes that the victim was a male and the Commission's references are inaccurate.  (Doc. 1 at 16-17.)  The court also notes that the prior parole decisions did reference the victim as a male.  However, the court does not find this discrepancy to be significant in light of the nature of the offense to a victim of either gender.

6

(Doc. 1, Ex. 6.)

The function of judicial review on a petition for writ of habeas corpus in the parole context is to determine whether the Commission abused its discretion. *Furnari v. Warden*, 218 F.3d 250, 254 (3d Cir. 2000). The court is not empowered to substitute its judgment for that of the Commission in evaluating a habeas petitioner's claims unless the Commission's exercise of discretion represents an egregious departure from rational decision-making. *See Butler v. U.S. Parole Commission*, 570 F.Supp. 67-77 (M.D. Pa. 1983). The Third Circuit Court of Appeals has routinely recognized that a federal court's review of a decision issued by the Commission is limited. *Furnari*, 218 F.3d at 254. The standard applied in such a review " 'is not whether the [Commission's decision] is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions embodied in its statement of reasons.' " *Id*. (*quoting Zannino v. Arnold*, 531 F.2d 687, 691 (3d Cir. 1976)). However, the review should consider whether the Commission " 'has followed criteria appropriate, rational and consistent' with its enabling statutes so that its 'decision is not arbitrary and capricious, nor based on impermissible considerations.' " *Id.* (*quoting Zannino*, 531 F.2d at 690).

In the instant case, the Commission based its guideline departure upon the aggravated nature of the offense, considering the use of an illegal weapon and murder of the victim while fleeing.  The Commission is afforded wide discretion in making the necessary evaluation, and the nature of Petitioner's offense is a relevant factor in making that determination.  *See Ronning v. United States*, 547 F. Supp. 301, 306 (M.D. Pa. 1982).  Pursuant to the standards set forth in *Furnari*, 531 F.2d at 691, the Court finds that the Commission articulated a rational basis for its determination to depart from the guideline ranges and did not abuse its discretion.  Accordingly, Petitioner's due process claim will be denied.

### B. Guideline Departure is Justified

Petitioner also claims that the Commission did not have good cause to depart from the guidelines as required by 18 U.S.C. § 4206 (1997).  As previously stated, the applicable statute for parole decisions related to D.C. offenders is the D.C. Code and not the federal parole statutes.  Because 18 U.S.C. § 4206 (1997) is a federal parole provision, it does not apply to D.C. offenders.  Since § 4206 does not apply to this case, and because the thrust of this argument is the same as Petitioner's due process argument addressed above, this claim will be denied.

### C. Inaccurate Factual Predicate For Decision

8

Petitioner also claims that the Commission based its decision on the mistaken belief that the victim was a female.  Regardless, the nature of the offense was deemed to be especially brutal by the Commission, regardless of the victim's gender.  The victim was beaten by Petitioner with the butt of a sawed-off shotgun, and subsequently shot by Petitioner in the back of the head while fleeing.  Consequently, the Commission had ample support for its conclusion, notwithstanding the victim's gender, and this claim is without merit.

## **IV.  Conclusion**

Since the Commission's guideline departure has a rational basis, and the factual discrepancy of the victim's gender is insignificant, the instant habeas petition will be denied.  An appropriate order will issue.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated:  July 19, 2005.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**BRUCE DORSEY,**              :
                               :
       **Petitioner**    :    **CIVIL NO. 1:CV-05-1300**
                               :
**v.**                         :    **(Judge Rambo)**
                               :
**UNITED STATES PAROLE**       :
   **COMMISSION,** *et al.*, :
                               :
       **Respondents**   :

## **O R D E R**

**AND NOW**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT**:

1) Petitioner's declaration (Doc. 2) is construed as a motion for leave to proceed *in forma pauperis*, and the motion is **GRANTED** for the purpose of filing this habeas petition.

2) The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

3) The Clerk of Court is directed to close this case.

                                  s/Sylvia H. Rambo
                                  SYLVIA H. RAMBO
                                  United States District Judge

Dated: July 19, 2005.